FILED
United States Court of Appeals
Tenth Circuit

September 25, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAMES EARL COLLVINS, JR.,

Plaintiff-Appellant,

v.

ALAN HENNEBOLD,

Defendant-Appellee.

No. 13-4171
(D.C. No. 2:11-CV-01079-BSJ)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

The district court dismissed the complaint of Plaintiff James Earl Collvins, Jr.

against Defendant Alan Hennebold under 42 U.S.C. § 1983 and denied his motion to

amend the complaint. Mr. Collvins appeals the denial of his motion to amend.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm because amendment would

be futile.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Collvins was a Utah-licensed boiler inspector. That job required him "to have a certificate of competency issued by the [Division of Boiler, Elevator and Coal Mine Safety (the Division) of the Utah Labor Commission (the Commission),] which in turn requires a commission issued by the National Board of Boiler and Pressure Vessel Inspectors ('national board')." *Collvins v. Hackford*, 523 F. App'x 515, 516 (10th Cir.) ("*Collvins I*"), *cert. denied*, 134 S. Ct. 314 (2013). The Division placed Mr. Collvins on probation in October 2007 after he mistakenly certified two boilers that no longer existed. This probation was to end in six months if there were no more discrepancies and Mr. Collvins retook the written examination for the certificate of competency. But the Division permanently suspended Mr. Collvins's certificate in November 2007 upon receiving additional complaints that he had issued certificates of inspection for boilers that were no longer in operation. *See Collvins I*, 523 F. App'x at 517. The Division notified the national board of Mr. Collvins's suspension. *See id*. Two weeks after the suspension, Mr. Collvins went on disability leave from his employer, Hartford Steam Boiler Company (Hartford), and remained on disability leave during the time relevant to his complaint.

Mr. Collvins appealed his suspension to the Commission. An administrative law judge (ALJ) conducted a hearing and ruled in November 2008 that the Division had not proved the factual allegations in its notice of action. The ALJ's order stated that Mr. Collvins's "suspension . . . is set aside" and his "certificate of competency is reinstated to its probationary status pursuant to the October 24, 2007 terms and

conditions." Aplt. App. at 122. The Commission's Appeals Board upheld the ALJ's ruling on March 24, 2009. *Id*. at 129.

Mr. Hennebold, the Commission's General Counsel, wrote to Mr. Collvins's attorney in March 2009 to explain why the Division had not further considered whether he was qualified for certification. He stated that Utah law allows boiler inspections to be performed only by Division employees or inspectors employed by insurance companies, that the Division requires insurance companies to submit each December the list of persons to be "deputized to conduct boiler inspections during the coming year," and that Hartford had not included Mr. Collvins's name in its December 2008 submission. *Id*. at 96. Mr. Hennebold stated that the Division would consider Mr. Collvins for certification if it received a request from an insurance company to certify him and if Mr. Collvins produced a commission from the national board.

Mr. Collvins's original § 1983 action was against the Division's director and its chief boiler inspector, claiming that they violated his procedural-due-process rights by suspending his certificate before holding a hearing and by waiting too long to hold a postsuspension hearing. *See Collvins I*, 523 F. App'x at 517. The district court dismissed that complaint, ruling that those defendants were entitled to qualified immunity, and we affirmed. *See id*. at 518, 521 (safety concerns justified the Division's prehearing suspension and there was no clearly established law putting defendants on notice that the postsuspension delay might be unconstitutional).

After the district court's dismissal of the complaint at issue in *Collvins I*, Mr. Collvins filed his § 1983 complaint against Mr. Hennebold, alleging that Mr. Hennebold had denied him procedural due process when "[t]he Division suspended [his] license without first providing him a hearing, on the advice of Hennebold." Aplt. App. at 9. The matter was stayed pending decision in *Collvins I*. But when *Collvins I* affirmed the dismissal in that case, the district court announced its intention to dismiss the complaint against Mr. Hennebold as barred by res judicata. Mr. Collvins promptly moved to amend his complaint under Fed. R. Civ. P. 15(a).

The sole claim in the proposed amended complaint is labeled "Procedural Due Process," and the sole factual basis of the amendment is a one-sentence allegation: "When Collvins finally did have a hearing, he prevailed, but the Division, through Hennebold, still refused to reinstate his license." Aplt. App. at 92. In response to the motion to amend, Mr. Hennebold argued that the proposed amendment was untimely and would be futile.

The district court denied the motion to amend on the ground that the amendment would be futile. It reasoned that Mr. Collvins was not denied due process by the failure to comply with the Commission's decision on appeal because he could have proceeded under a state statute to seek enforcement of the ALJ's order. In addition, the court dismissed the initial complaint against Mr. Hennebold on res judicata grounds.

- 4 -

ANALYSIS

On appeal Mr. Collvins challenges only the denial of leave to amend his complaint; he does not dispute that his initial complaint against Mr. Hennebold was properly dismissed. "[L]eave to amend should be freely given when justice so requires, but a district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend [his] complaint." *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1151 (10th Cir. 2013) (ellipsis, brackets, and internal quotation marks omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (internal quotation marks omitted). Ordinarily, we review the district court's denial of a motion for leave to amend the complaint for an abuse of discretion. *See Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010). But if the district court denied leave to amend because it determined that amendment would be futile, "our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Id.*

We can affirm the district court's decision "on any ground established by the record, so long as doing so is not unfair to the appellant." *United States v. Cesareo-Ayala*, 576 F.3d 1120, 1128 n.2 (10th Cir. 2009). We affirm here because Mr. Collvins's procedural-due-process claim is fundamentally misguided. He has utterly failed to identify any *process* that was due him after the decision of the Commission's Appeals Board.

"In procedural due process claims, the deprivation by state action of a constitutionally protected interest . . . is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). "[A] person alleging that he has been deprived of his right to procedural due process must prove two elements: that he possessed a constitutionally protected liberty or property interest such that the due process protections were applicable, and that he was not afforded an appropriate level of process." *Couture v. Bd. of Educ. of Albuquerque Pub. Sch.*, 535 F.3d 1243, 1256 (10th Cir. 2008) (internal quotation marks omitted).

Notably absent from Mr. Collvins's proposed amended complaint is any statement of what process was denied by Mr. Hennebold. "Although the exact procedures required by the Constitution depend on the circumstances of a given case, the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1200 (10th Cir. 2010) (internal quotation marks and alteration omitted). Yet Mr. Collvins's proposed amended complaint says nothing about the denial of notice or a hearing by Mr. Hennebold. The conduct Mr. Collvins is challenging is the refusal to reinstate him, which he blames on Mr. Hennebold. But that is a matter of substance, not procedure. Mr. Collvins is saying that Mr. Hennebold should have taken specific action—reinstating him—not that Mr. Hennebold should have given him notice and a hearing before deciding to ignore

the Appeals Board's ruling. And even if Mr. Collvins were to argue that he was entitled to some sort of "due process" proceeding before Mr. Hennebold sent him the March 2009 letter (on behalf of the Division) explaining why he was not certified for 2009, that argument would fail. Mr. Hennebold's letter did not rest on any resolution of disputed facts or any exercise of discretion; it was purely a question of law. "As the Supreme Court stated in *Codd* [*v. Velger*], 'if the hearing mandated by the Due Process Clause is to serve any useful purpose, there must be some factual dispute' between the individual and the government agency" for a due-process hearing to resolve. *Rector v. City and County of Denver*, 348 F.3d 935, 945 (10th Cir. 2003) (quoting *Codd v. Velger*, 429 U.S. 624, 627 (1977) (per curiam)); *see Codd*, 429 U.S. at 627-28 (a hearing may be required when there is no factual dispute if the governmental actor still must exercise discretion in rendering the ultimate decision).

Because Mr. Collvins failed to allege that Mr. Hennebold deprived him of notice or a hearing, the district court did not err in denying leave to amend. We affirm the judgment of the district court.

Entered for the Court

Harris L Hartz
Circuit Judge